UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBIK'S BRAND LIMITED,<br><br>                  Plaintiff,<br><br>      -against-<br><br>CUBICLE ENTERPRISES LLC d/b/a TheCubicle,<br><br>                  Defendant. | Civil Action No. |

# COMPLAINT

Plaintiff, Rubik's Brand Limited, by and through its attorneys, Wilson Keadjian Browndorf LLP, for its complaint against Defendant Cubicle Enterprises LLC, doing business as TheCubicle ("TheCubicle" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for: infringement of Plaintiff's registered trademark under 15 U.S.C. § 1114; false designation of origin in violation of 15 U.S.C. § 1125(a); dilution of Plaintiff's trademark in violation of 15 U.S.C. § 1125(c); injunctive relief and damages under 15 U.S.C. §§ 1114, 1117, 1118, 1119 and 1125; violation of Section 360-1 of the New York General Business Law; and violation of the common law of the State of New York.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and this Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367(a).  The New York State law claims

1

asserted herein are so related to the Lanham Act claims as to form part of the same case or controversy.

3. This Court has personal jurisdiction over TheCubicle under Sections 301 and/or 302 of the New York Civil Practice Laws and Rules because TheCubicle maintains an office in this district, and/or continuously and systematically conducts, transacts, and solicits business in this district, because TheCubicle ships into, offers to sell, sells and/or uses infringing products in this district, or induces or causes those acts to occur, and because the events giving rise to this Complaint occurred in this state and/or had effects in this state.

4. Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is subject to personal jurisdiction within this judicial district and/or because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Rubik's Brand Limited ("Rubik's Brand" or "Plaintiff") is a limited liability company organized under the laws of the United Kingdom, with its principal place of business at 7 Lambton Place, London, England W11 2SH.

6. Upon information and belief, Defendant Cubicle Enterprises LLC, doing business as TheCubicle, is a limited liability company organized under the laws of the State of New York, having its principal place of business at 8 Westchester Plaza, Elmsford, NY 10523.

## PLAINTIFF'S RUBIK'S CUBE®

7. Plaintiff produces the famous RUBIK'S CUBE, a 3-D combination puzzle invented in 1974 by the Hungarian professor of architecture Ernő Rubik. As of June, 2017,

approximately 100 million RUBIK'S CUBES have been sold worldwide. RUBIK'S CUBE is the best selling puzzle game of any kind in the world.

8. The RUBIK'S CUBE puzzle has a distinctive appearance comprised of a black cube having nine (9) square-shaped color patches on each of its six (s) faces, with the color patches on each face being the same when the puzzle is in the start or solved position, and consisting of the colors red, white, blue, green, yellow and orange (hereinafter referred to as the "RUBIK'S Design Mark" or the "Mark"). A photograph of Plaintiff's RUBIK'S CUBE puzzle Mark is set forth below:



9. The RUBIK'S CUBE puzzle was launched in the United States in 1980 and has been continuously sold throughout the country for the past thirty-seven (37) years. Plaintiff estimates that more than 40 million RUBIK'S CUBE puzzles have been sold in the United States. As a result of the extensive sales and commercial success of Plaintiff's RUBIK'S CUBE puzzle, its distinctive and iconic appearance has been extremely well-known.

10. Plaintiff has made substantial expenditures to advertise and promote its RUBIK'S CUBE puzzle through various means, including on the Internet. Attached hereto as Exhibit "1" is a screen shot of the homepage of Plaintiff's website: https://www.rubiks.com/.

11. The distinctive appearance of the RUBIK'S Design Mark immediately imparts to purchasers and the public that the RUBIK'S CUBE puzzles originate from Plaintiff.

12. The RUBIK'S Design Mark symbolizes the extraordinary goodwill that is associated with the Plaintiff and is Plaintiff's most valuable asset.

13. Plaintiff owns U.S. Trademark and Service Mark Registration Numbers 1,265,094 and 2,285,794 on the Principal Register for the RUBIK'S Design Mark through mesne assignments. These registrations are in full force and effect and are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065. A copy of these registrations is attached hereto as Exhibits "2-A" and "2-B".

14. Plaintiff's U.S. trademark registrations provide constructive notice of Plaintiff's ownership of the RUBIK'S Design Mark and its right to exclusive use of this mark throughout the United States pursuant of Section 7(c) of the Lanham Act, 15 U.S.C. § 1072.

**THECUBICLE'S ACTS OF INFRINGEMENT AND UNFAIR COMPETITION**

15. Upon information and belief, Defendant TheCubicle is an online specialty puzzle store that manufactures and sells twist puzzles, and related accessories and paraphernalia, on its website at https://thecubicle.us.

16. Upon information and belief, TheCubicle manufactures and sells stock, custom-built and do-it-yourself twist puzzle cubes that are twist puzzles that copy and emulate the distinctive appearance of Plaintiff's puzzles bearing its RUBIK'S Design Mark directly to consumers across the United States. A photograph of a stock twist puzzle cube sold by Defendant TheCubicle to consumers is set forth below:



17.     Upon information and belief, TheCubicle sells custom-built twist puzzle cubes created by its staff that copy and emulate the distinctive appearance of Plaintiff's puzzles bearing its RUBIK'S Design Marks.  A photograph of a custom-built twist puzzle cube sold to consumers by Defendant TheCubicle under its Cubicle Pro Shop services is set forth below:



5



18. Upon information and belief, TheCubicle also sells do-it-yourself kits for customers to create their own twist puzzle cubes that copy and emulate the distinctive appearance of Plaintiff's puzzles bearing its RUBIK'S Design Marks. By selling do-it-yourself kits to customers, Plaintiff is informed and believes that TheCubicle has induced, and continues to induce, customers to create twist puzzle cubes that infringe RUBIK'S Design Marks. A photograph of a do-it-yourself kit sold by Defendant TheCubicle to consumers is set forth below:



6

19. Defendant TheCubicle sells multiple varieties of its stock, custom-built and do-it-yourself twist puzzle cubes on its website that copy and emulate the RUBIK'S CUBE, which includes without limitation twist puzzle cubes with white borders instead of black borders. Collectively, TheCubicle's stock, custom-built and do-it-yourself twist puzzle cubes and related varieties are hereinafter referred to as "Defendant's Puzzles."

20. Defendant TheCubicle's sale of twist cube puzzles that mimic the features and overall appearance of the RUBIK'S Design Mark has been and continues to be without authorization or consent of Plaintiff.

21. Upon information and belief, Defendant use of Plaintiff RUBIK'S Design Mark is intended to mislead consumers into believing that Defendant's Puzzles and Plaintiff's RUBIK'S CUBE are one and the same, or that Defendant's Puzzles are made, approved, sponsored or endorsed by Plaintiff, or that the two companies are somehow connected.

22. Furthermore, in view of the fame and extraordinary success of the RUBIK'S CUBE, minor changes to puzzles manufactured and sold by Defendant TheCubicle such as changing black to white and slight rounding of the corners do not negate a likelihood of confusion. Instead, the public is likely to believe that such varieties of Defendant's Puzzles are versions of Plaintiff's famous RUBIK'S CUBE.

23. Defendant TheCubicle has had constructive notice of Plaintiff's incontestable U.S. trademark registrations and the fact that Plaintiff possesses the exclusive right to use the RUBIK's Design Mark throughout the United States. Upon information and belief TheCubicle is aware that the enormous and highly valuable goodwill symbolized by the Mark belongs to Plaintiff.

24. Defendant's sale of twist puzzles bearing a spurious copy of the federally registered RUBIK'S Design Mark is likely to cause confusion, mistake, or deception as to the source, sponsorship of Defendant's Puzzles or affiliation between Defendant and Plaintiff, causing irreparable harm to Plaintiff's reputation and the goodwill which is symbolized by the RUBIK'S Design Mark.

25. As a result of Defendant's use of a spurious version of Plaintiff's federally registered RUBIK'S Design Mark, consumers who expect to receive Plaintiff's RUBIK'S CUBE puzzle, for which Plaintiff has developed a national and international reputation, will be disappointed when using Defendant's imitation twist puzzle cube. This will cause irreparable harm to Plaintiff's reputation and the goodwill which is symbolized by the RUBIK'S Design Mark.

26. By virtue of Defendant's unauthorized use of the RUBIK'S Design Mark, Plaintiff is unable to exercise quality control over twist puzzle cube sold by Defendant which contain a spurious copy of Plaintiff's well-known Mark.

## FIRST CLAIM FOR RELIEF

### TRADEMARK INFRINGEMENT UNDER LANHAM ACT 15 U.S.C. § 1114(1)(a)

27. The allegations set forth above in paragraphs 1 through 26 hereof are adopted and incorporated by reference as if fully set forth herein.

28. Plaintiff is the record owner of U.S. Trademark and Service Mark Registration Numbers 1,265,094 and 2,285,794, which are valid, subsisting and incontestable.

29. Defendant, without authorization from Plaintiff, has used and is continuing to use the spurious copy of the RUBIK'S Design Mark in connection with its twist puzzle cubes.

30. Defendant's sale of twist puzzles bearing the spurious copy of the RUBIK'S Design Mark is likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Defendant's products are genuine, authorized or approved by Plaintiff.

31. Defendant's conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

32. Upon information and belief, Defendant's misappropriation and infringement of Plaintiff's Mark was and is willful and intentional.

33. Upon informant and belief, by its acts, Defendant has made and will continue to make substantial profits and gains to which it is not entitled in law or equity.

34. Upon information and belief, Defendant intends to continue its infringing acts, and will continue to infringe Plaintiff's registered RUBIK'S Design Mark, unless restrained by this Court.

35. Defendant's conduct has caused, and will continue to cause, irreparable harm to Plaintiff. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### FALSE DESIGNATION OF ORIGIN 15 U.S.C. § 1125(a)

36. The allegations set forth above in paragraphs 1 through 35 hereof are adopted and incorporated by reference as if fully set forth herein.

37. Defendant's advertisement, promotion, and use of a spurious copy of Plaintiff's RUBIK'S Design Mark is intended and is likely to confuse, mislead, deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Defendant's twist puzzle cubes, and is likely to cause the public to believe erroneously that such products have

been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that Plaintiff is in some way affiliated with Defendant.

38. Defendant's acts constitute false designation of origin and false misleading description and representation of fact, all in violation of 15 U.S.C. § 1125(a).

39. Upon information and belief, Defendant's misappropriation and infringement of Plaintiff's RUBIK'S Design Mark was and is willful and intentional.

40. Upon information and belief, by its acts, Defendant has made and will continue to make substantial profits and gains to which it is not entitled in law or equity.

41. Upon information and belief, Defendant intend to continue its infringing acts, and will continue to infringe Plaintiff's RUBIK'S Design Mark, unless restrained by this Court.

42. Defendant's conduct has caused, and will continue to cause, irreparable harm to Plaintiff. Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### TRADEMARK DILUTION UNDLER LANHAM ACT 15 U.S.C. § 1125(c)

43. The allegations set forth above in paragraphs 1 through 42 hereof are adopted and incorporated by reference as if fully set forth herein.

44. Plaintiff is the exclusive owner of the RUBIK'S Design Mark in the United States.

45. Plaintiff's RUBIK'S Design Mark is distinctive and has been used for many years and has achieved enormous and widespread public recognition.

46. Plaintiff's RUBIK'S Design Mark is famous within the meaning of 15 U.S.C. § 1125(c).

47. Defendant's advertisement, promotion, distribution, and sale of twist puzzle cubes under the Plaintiff's RUBIK'S Design Mark, without authorization from Plaintiff, is likely to dilute the distinctive quality of the mark and decrease the capacity of the Mark to identify and distinguish Plaintiff's products.

48. Defendant has intentionally and willfully diluted and continue to dilute the distinctive quality of Plaintiff's RUBIK'S Design Mark in violation of 15 U.S.C. § 1125(c).

49. Upon information and belief, by its acts, Defendant has made and will continue to make substantial profits and gains to which it is not entitled in law or equity.

50. Upon information and belief, Defendant intends to and will continue to dilute Plaintiff's Mark, unless restrained by this Court.

51. Defendant's conduct has caused, and will continue to cause, irreparable harm to Plaintiff. Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### UNFAIR BUSINESS PRACTICE UNDER N.Y. GEN. BUS. LAW § 360-1

52. The allegations set forth above in paragraphs 1 through 51 hereof are adopted and incorporated by reference as if fully set forth herein.

53. Plaintiff's RUBIK'S Design Mark is distinctive and has acquired secondary meaning in the marketplace, and is owned by Plaintiff.

54. Defendant's acts are likely to dilute, have diluted, and, unless enjoined by this Court, will continue to dilute the distinctive quality of Plaintiff's Mark.

55. As a direct and proximate result of Defendant's willful and wonton acts and conduct, Plaintiff's reputation and goodwill have been damaged.

56. Defendant's acts and conduct have caused irreparable harm to Plaintiff and to Plaintiff's reputation and goodwill, and will continue to do so unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

## COMMON LAW TRADEMARK INFRINGEMENT

57. The allegations set forth above in paragraphs 1 through 56 hereof are adopted and incorporated by reference as if fully set forth herein.

58. Defendant's activities constitute trademark infringement under the common law of the State of New York.

59. Defendant's use of Plaintiff's RUBIK'S Design Mark, unless restrained by this Court, will lead the public to believe that there is a connection or association between Defendant and Plaintiff, when in fact, there is none.

60. Defendant's acts and conduct have caused irreparable harm to Plaintiff and to Plaintiff's reputation and goodwill, and will continue to do so unless enjoined by this Court. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendant as follows:

A. That the Court enter an injunction ordering that Defendant, its agents, servants, employees, and all other persons in privity or acting in concert with it be enjoined and restrained from:

   (a) using any reproduction, counterfeit, copy, or colorable imitation of the RUBIK'S Design Mark to identify any goods or the rendering of any services not authorized by Plaintiff;

   (b) engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or weaken the distinctive quality of the RUBIK'S Design Mark;

    (c)    using a false description or representation including designs and other symbols falsely describing or representing Defendant's unauthorized puzzle as being manufactured or sold by Plaintiff or sponsored by or associated with Plaintiff;

    (d)    further infringing, or inducing others to infringe, the RUBIK'S Design Mark by marketing, advertising, and/or promotion puzzles embodying this Mark;

    (e)    using any simulation, reproduction, counterfeit, copy or colorable imitation of the Mark in connection with the promotion, advertisement, display, sale, and/or operation of twist puzzle cubes as to relate or connect, or tend to relate or connect in any way to Plaintiff, or to its products owned, sponsored or approve by, or connected with Plaintiff;

    (f)    making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that Defendant's twist puzzle cubes are in any way associated or connected with Plaintiff;

    (g)    engaging in any conduct constituting an infringement, or inducement of infringement, of Plaintiff's RUBIK'S Design Mark, or Plaintiff's rights in, or to use or to exploit, said service mark and/or trademark, or constituting any weakening of Plaintiff's reputation or goodwill;

    (h)    using or continuing to use Plaintiff's RUBIK'S Design Mark or any variation thereof on the Internet (either in the text of a website, or in connection with any goods or services not directly authorized by, Plaintiff); and

    (i)    effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (i).

B.    Directing that Defendant, within thirty (30) days of Judgment, file and serve Plaintiff with a sworn statement setting forth in detail the manner in which Defendant has complied with this injunction pursuant to 15 U.S.C. § 1116(a).

C.    Directing that Defendant delivers up for destruction to Plaintiff all unauthorized twist puzzle cubes bearing any simulation, reproduction, counterfeit, copy or

colorable imitation of Plaintiff's Mark, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

D. Ordering Defendant to recall from any distributors and retailers any infringing products, including all advertisement, promotional and marketing materials therefore, as well as means of making same.

E. Ordering Defendant to deliver to Plaintiff for destruction or other disposition all remaining inventory of all infringing products, including all advertisements, promotional and marketing materials therefore, as well as means of making same.

F. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impress that the twist puzzle cubes provided or promoted by Defendant are authorized by Plaintiff or related in any way to Plaintiff's products.

G. Ordering an accounting by Defendant of all gains, profits and advantages derived from its wrongful acts.

H. Awarding Plaintiff all of Defendant's profits and all damages sustained by Plaintiff as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a).

I. Awarding treble damages in the amount of Defendant's profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b).

J. Awarding Plaintiff damages pursuant to 15 U.S.C. § 1117(c).

K. Ordering that Plaintiff recover the costs of this action, together with reasonable attorneys and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

L. Ordering that, pursuant to 11 U.S.C. § 523(a)(6), Defendant be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Plaintiff.

M. Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification

of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

N. Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

Dated: New York, New York　　　　　　　Respectfully submitted,
　　　　October 11, 2017

**WILSON KEADJIAN BROWNDORF LLP**

By: ___s/ Mark I. Peroff_____
　　　Mark I. Peroff
　　　Darren W. Saunders
　　　114 West 47th Street, 18th Floor
　　　New York, New York 10036
　　　(212) 913-0777 telephone
　　　(646) 553-5899
　　　Mark.Peroff@wkbllp.com
　　　DSaunders@wkbllp.com

　　　*Attorneys for Plaintiff*
　　　Rubik's Brand Limited